# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA HLAD, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:23-CV-00785 |
| v. | |
| | (MEHALCHICK, J.) |
| YOEL HIRSCH, et al., | |
| Defendants. | |

## MEMORANDUM

Before the Court is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) filed by Defendant Airbnb, Inc. ("Airbnb") on June 9, 2023. (Doc. 9). On April 13, 2023, Teresa Hlad ("Mrs. Hlad") and Steven Hlad ("Mr. Hlad") (collectively, "Plaintiffs") initiated this personal injury action by filing a complaint against Defendants Yoel Hirsch, Sarah Hirsch, Airbnb, John Does 1-10, ABC Co. 1-10, and XYZ Corporations 1-10, (collectively, "Defendants") in the Court of Common Pleas in Pike County, Pennsylvania, at Docket No. 375-2023. (Doc. 1, at 1-3; Doc. 15, at 1). In their complaint, Plaintiffs assert state law claims for negligence and loss of consortium stemming from injuries Mrs. Hlad sustained when she slipped on snow and/or ice at an Airbnb rental property in Pike, County Pennsylvania ("the premises"). (Doc. 15, at 5-6). Defendants Sarah and Yoel Hirsch own and manage the premises. (Doc. 15, ¶ 2). On May 11, 2023, Defendants Yoel Hirsch and Sarah Hirsch filed a notice of removal of this action pursuant to 28 U.S.C. § 1441(b), invoking diversity of citizenship under 28 U.S.C § 1332(a).[1] (Doc. 1, ¶ 5; Doc. 1-1, at 1-8). On June 9,

---

[1] When Defendants removed this case from the Pike County Court of Common Pleas, they neglected to file a copy of the complaint with the notice of removal. (Doc. 1). On January 30, 2024, the Court issued an Order directing Defendants to file a copy of the complaint filed in Pike County Court of Common Pleas on or before Tuesday, February 6, 2023. (Doc. 14).

2023, Airbnb filed a motion to dismiss. (Doc. 9). On July 7, 2023, Airbnb filed a brief in support of its motion and attached exhibits.[2] (Doc. 13; Doc. 13-1). On June 23, 2023, Plaintiffs filed a brief in opposition. (Doc. 10). Accordingly, the motion has been fully briefed and is ripe for disposition. (Doc. 9; Doc. 10; Doc. 13). For the following reasons, Airbnb's motion to dismiss shall be **DENIED**.

## I.   STANDARD OF REVIEW

### A.   RULE 12(B)(2) STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When raised as a jurisdictional defense, the plaintiff bears the burden of establishing the Court's personal jurisdiction over the moving defendant. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). Without holding an evidentiary hearing, the plaintiff meets this burden by establishing a *prima facie* case of personal jurisdiction, or "by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n.*, 819 F.2d 434 (3d Cir. 1987)); *Miller Yacht Sales, Inc.*

---

On February 2, 2024, Defendant Yoel Hirsch filed a copy of the Pike County complaint. (Doc. 15).

[2] The Court notes that Airbnb's brief in support is untimely. *See* Local Rule 7.5., which states, in pertinent part, as follows: "Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.... If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." However, it is the Court's preference in this case to address the motion on its merits, rather than deny it on a technical violation. *See S. Middleton Twp. v. Amerifreight Sys. LLC*, No. 1:17-CV-0269, 2018 WL 4207765, at *1 n.1 (M.D. Pa. Sept. 4, 2018).

*v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Further, "the ultimate burden remains on the plaintiff to demonstrate the existence of jurisdiction by a preponderance of the evidence." *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 476 (3d Cir. 2011).

"[I]n reviewing a motion to dismiss under Rule 12(b)(2), [the Court] 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). "Once these allegations are contradicted by an opposing affidavit, however, [the] plaintiff must present similar evidence in support of personal jurisdiction." *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d 580, 595 (M.D. Pa. March 4, 2009). Indeed, the plaintiff will not be able to rely on the bare pleadings alone, and "must respond with actual proofs, not mere allegations." *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d at 595; *Patterson ex rel. Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). Thus, Courts may look beyond the pleadings when ruling on a motion brought under Rule 12(b)(2), as "[c]onsideration of affidavits submitted by the parties is appropriate and, typically, necessary." *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d at 595; *Patterson*, 893 F.2d at 603 ("A Rule 12(b)(2) motion ... is inherently a matter which requires resolution of factual issues outside the pleadings.") (quoting *Time Share Vacation Club*, 735 F.2d at 67 n.9).

A Federal Court may exercise personal jurisdiction over a non-resident defendant to the extent permissible under the laws of the state in which the court sits. *Mellon Bank*, 960 F.2d at 1221 (citation omitted). The forum state in this instance is Pennsylvania, and the applicable long-arm statute is codified at 42 Pa. C.S.A. § 5322. Section (b) of the long-arm

statute permits Pennsylvania courts to exercise personal jurisdiction over non-resident defendants "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with [Pennsylvania] allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b). Further, as previously stated by this Court regarding corporations:

> Pennsylvania law authorizes general personal jurisdiction over a corporation when the corporation carries on "a continuous and systematic part of its general business within this Commonwealth," 42 Pa. C.S.A. § 5301(a)(2)(iii), and authorizes specific jurisdiction over "all persons [including corporations] who are not within the scope of section 5301 … to the fullest extent allowed under the Constitution of the United States [which] may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States," 42 Pa. C.S.A. § 5322(b).

> *Babyage.com, Inc. v. Ctr. for Env't Health*, 90 F. Supp. 3d 348, 353 (M.D. Pa. Jan. 15, 2015).

Thus, this Court may properly exercise jurisdiction over a nonresident defendant, so long as it does not violate their due process rights. *See Mellon Bank*, 960 F.2d at 1221. The "Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 299-300 (3d Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Kehm Oil*, 537 F.3d at 299-300 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). As such, personal jurisdiction under the Due Process Clause depends upon "the relationship among the defendant[s], the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

4

There are two types of personal jurisdiction federal courts may exercise— general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). This case implicates specific personal jurisdiction.[3] "Specific jurisdiction exists when the claim arises from or relates to [a defendant's] conduct purposely directed at the forum state." *Marten v. Godwin,* 499 F.3d 290, 296 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984)). To determine whether specific jurisdiction over a defendant exists, courts must engage in a three-part inquiry. *O'Connor*, 496 F.3d at 317. First, a court must consider whether a defendant "purposefully directed [its] activities" at the forum state. *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 472). Second, "the litigation must 'arise out of or relate to' at least one of those activities." *O'Connor*, 496 F.3d at 317 (quoting *Helicopteros*, 466 U.S. at 414). Third, if the prior requirements are met, "[a Court] may consider additional factors to ensure that exercising jurisdiction would be consistent with notions of 'fair play and substantial justice.'" *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 476).

B.  RULE 12(B)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first

---

[3] It is clear in this case that the Court does not have general jurisdiction over Airbnb. General jurisdiction exists when a company is either incorporated or has its principal place of business in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Because Airbnb is incorporated in Delaware and has its principal place of business in San Francisco, California, this Court does not have general jurisdiction over it. (Doc. 9-1, ¶ 2; Doc. 13, at 1; Doc. 15, ¶ 2). Accordingly, the Court will not consider general personal jurisdiction at this time.

take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting

6

*Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347. The Third Circuit has further instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## II.   DISCUSSION

Airbnb moves to dismiss Plaintiffs' complaint on the basis that Airbnb is not subject to specific personal jurisdiction in Pennsylvania and, alternatively, that Plaintiffs' "conclusory allegations of wrongdoing," are insufficient to state a claim upon which relief may be granted. (Doc. 13, at 2, 9). In opposition, Plaintiffs aver that the Court has specific jurisdiction over Airbnb because the company "conducts substantial business in Pennsylvania" and that they have stated valid claims for negligence and loss of consortium. (Doc. 10, at 2).

### A.   THIS COURT HAS PERSONAL JURISDICTION OVER AIRBNB

#### 1. **Airbnb's contacts with Pennsylvania**

To plead the Court has specific personal jurisdiction over Airbnb, Plaintiffs must show Airbnb purposefully availed itself of the benefits and protections of Pennsylvania law and that

Mrs. Hlad's injuries were related to this purposeful availment. *See Burger King*, 471 U.S. at 475, 482; *see also Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021). Turning first to the purposeful availment, Plaintiffs must demonstrate Airbnb had such "minimum contacts with the forum state (in this case Pennsylvania) that show the defendant took a deliberate act reaching out to do business in that state." *Hepp*, 14 F.4th at 207. The determination of minimum contacts "should be made on a case-by-case basis by assessing the 'nature and quality' of the contacts.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 453 (3d Cir. 2003) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1127 (W.D. Pa. 1997)). In cases implicating websites, courts in the Third Circuit apply the framework detailed in *Zippo Manufacturing Company v. Zippo Dot Com Inc.* 952 F. Supp. 1119 (W.D. Pa. 2997).

> *Zippo* is "a seminal authority regarding personal jurisdiction" of internet businesses, *Toys "R" Us, Inc.*, 318 F.3d at 453, and imagines a scale where, "[a]t one end ... are situations where a defendant clearly does business over the internet ... enter[ing] into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the internet ... [and a]t the opposite end are situations where a defendant has simply posted information on a [website] which is accessible to users in foreign jurisdiction."
>
> *Foresta v. Airbnb, Inc.*, No. CV 23-1379, 2024 WL 329524, at *4 (E.D. Pa. Jan. 29, 2024) (quoting *Zippo Mfg. Co.*, 952 F. Supp at 1124).

For "interactive [websites] where a user can exchange information with the host. . . the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the [website]." *Zippo Mfg. Co.*, 952 F. Supp at 1124. However, simply having an interactive, commercial website is not indicative of jurisdiction. *Toys "R" Us, Inc.*, 318 F.3d at 454. "[T]here must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its

8

web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us, Inc.*, 318 F.3d at 454.

In this case, Airbnb is a commercial website alleged to "operate[] an online marketplace advertising, leasing, renting, and acting as broker for the premises[.]" (Doc. 15, ¶ 3). Recently, in *Joseph Foresta v. Airbnb, Inc.*, the United States District Court for the Eastern District of Pennsylvania held that it had specific personal jurisdiction over Airbnb because of the company's business relationship with Pennsylvania property lessors, renters, and brokers, explaining:

> Here, there is purposeful availment because Airbnb does business through an interactive website that allows Pennsylvanians to search for, book, and list properties for rent. These features, along with the remittance of money between guests and hosts, minus fees, places Airbnb's platform far beyond "passive" websites that are purely informational and do not provide for specific personal jurisdiction. *See Zippo Mfg. Co.*, 952 F. Supp. at 1124. Unlike many other websites where individuals can sell personal property, Airbnb's business is focused on the leasing of real property, which is necessarily and inextricably tied to the land, and therefore, the Commonwealth where that land is found. Airbnb is aware of the location of every property listed on its site and chooses to let properties in Pennsylvania be listed on its site, charging fees when reservations are made. And Airbnb places itself in the middle of the transactions between users through its own payment processor, significantly increasing the user interactivity and extent of business ties with Pennsylvania.

2024 WL 329524, at *3.

The court rejected Airbnb's argument that its contacts with Pennsylvania were mainly "fortuitous" because "unlike goods that flow through streams of commerce, houses do not move across state lines." *Foresta*, 2024 WL 329524, at *5. The court explained: "[t]he location of a property listed for rent cannot change at any point throughout Airbnb's business relationship with a homeowner like [Plaintiff], so it can hardly come as a shock when Airbnb is haled into court in the state where the property is located." *Foresta*, 2024 WL 329524, at *5.

For reasons stated similarly above, this Court also concludes Airbnb has purposefully directed its activities at Pennsylvania. *See Foresta,* 2024 WL 329524, at \*5; *see also Marten,* 499 F.3d at 296. As conceded by the affidavit and Terms of Service submitted by Airbnb, the company operates an online marketplace that is accessible to internet users anywhere in the world and is intended to connect individuals listing their real property accommodations, known as hosts, with potential overnight guests. (Doc. 9-1, ¶ 3; Doc. 9-2, at 2). At all times relevant to this litigation, users who sought to transact using the platform were required to agree to the then-current Terms of Service "by affirmatively clicking an electronic button indicating their agreement." (Doc. 9-1, ¶ 4). Per its Terms of Service, Airbnb is entitled to and retains fees from the transactions it facilitates on its "online marketplace." (Doc. 9-2, at 4, 7, 11). This contractual feature and the collection of fees from its members for use of the platform places Airbnb in the middle of transactions between hosts and guests, "significantly increasing the level of interactivity and extent of business ties with Pennsylvania." *Foresta,* 2024 WL 329524, at \*4.

Additionally, as highlighted by the *Foresta* court, Airbnb's platform is focused on the leasing of real property, which is "necessarily and inextricably tied to the land, and therefore, the Commonwealth where the land is found."[4] *Foresta,* 2024 WL 329524, at \*4. In this case,

---

[4] Airbnb's reliance on *Rehman v. Etihad Airways* in their brief in support is misplaced. No. 3:19-CV-00653, 2019 WL 12095414, at \*7 (M.D. Pa. Nov. 14, 2019) *report and recommendation adopted,* No. CV 3:19-653, 2021 WL 780302 (M.D. Pa. Mar. 1, 2021). In *Reham,* the Court rejected plaintiff's argument that it had specific personal jurisdiction over defendant, Etihad Airways, where the plaintiff asserted that he was in Pennsylvania when he purchased tickets online for a flight that defendant operated. 2019 WL 12095414, at \*8-9. The flight itself was not associated with Pennsylvania but took off from New York and landed in the United Arab Emirates. *Reham ,* 2019 WL 12095414, at \*8. This case is different because Airbnb's website facilitates the leasing of real property in the forum state, not plane tickets

because the premises is located in Pennsylvania, Airbnb "directly target[ed]" guests, like Plaintiffs', and hosts, like the Hirschs, in the forum state. *Toys "R" Us, Inc.*, 318 F.3d at 454; *cf. Esposito v. Airbnb Action, LLC*, No. 5:20-CV-5204, 2021 WL 411140, at *4 (W.D. Ark. Feb. 5, 2021) (finding the court lacked personal jurisdiction because there was no evidence Airbnb had targeted residents of Arkansas where the rental property in question was located not in Arkansas, but in Argentina). Accordingly, the purposeful availment prong of the personal jurisdiction analysis is satisfied in this case. [5] *See Foresta*, 2024 WL 329524, at *5.

Satisfying the second prong of the specific personal jurisdiction analysis requires Plaintiffs to demonstrate relatedness, or a "strong relationship among the defendant, the forum, and the litigation." *Hepp*, 14 F.4th at 208; *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1028 (2021). Relatedness can be satisfied so long as there is a "meaningful link ... between a legal obligation that arose in the forum and the substance of the plaintiffs' claims." *O'Connor*, 496 F.3d at 324.

Here, Plaintiffs' claims are based on injuries Mrs. Hlad allegedly sustained while staying at the Pennsylvania rental property contracted through Airbnb's website. (Doc. 15, ¶¶ 15-17). Per its Terms of Service, Airbnb profited from this rental. (Doc. 9-2, at 11). Thus, "[t]his lawsuit puts at issue Airbnb's duties — which, to the extent they exist, clearly arise out

---

that can be purchased from anywhere for flights that can be boarded and taken anywhere, thus having no connection to the purchase place.

[5] In support of its motion, Airbnb cites various authorities from other jurisdictions. (Doc. 9, at 91); *Conrad v. Benson*, No. 9:20-CV-1811-RMG, 2020 WL 4754332, at *4 (D.S.C. 2020); *Schwartz v. Poblete*, No. 20STCV22663, 2021 Cal. Super. LEXIS 5573, at *24 (Cal. Super. Ct. Feb. 22, 2021). As the court in *Foresta* noted, these cases are distinguishable on the basis that Airbnb remits fees from its members for the right to use its platform, constituting "purposeful availment" under *Zippo* precedent. *Foresta*, 2024 WL 329524, at *5 n.5.

of the contacts Airbnb had with Plaintiffs" in Pennsylvania. *Foresta*, 2024 WL 329524, at *5. Accordingly, there is a meaningful link between Plaintiffs' claims and Airbnb's purposeful availment of Pennsylvania, satisfying prong two of the specific personal jurisdiction analysis.

Having found both prongs of the specific personal jurisdiction analysis met in this case, the Court concludes that it has specific personal jurisdiction over Airbnb.

B.  PLAINTIFFS HAVE STATED VALID CLAIMS FOR NEGLIGENCE AND LOSS OF CONSORTIUM

Alternatively, Airbnb moves to dismiss Plaintiffs' negligence and loss of consortium claims against Airbnb under Rule 12(b)(6), arguing that Plaintiffs have failed to allege facts demonstrating that Airbnb possessed and/or controlled the premises or had notice of the allegedly dangerous condition thereon. (Doc. 13, at 9). In opposition, Plaintiffs maintain that they have stated a claim for negligence because they alleged "Defendants were negligent in inspection, maintenance [of] their property, and failed to provide a safe environment for their residents and visitors." (Doc. 10, at 9). Plaintiffs further assert they sufficiently stated a claim for loss of consortium because they have alleged "at the time of the accident, plaintiffs were married to each other. . . and continue to suffer in the future, loss of consortium, loss of society and affection." (Doc. 10, at 9).

### 1.  Plaintiffs' Negligence Claim

To succeed on their negligence claim, Plaintiffs "must establish [Airbnb] owed a duty of care to [Plaintiffs], that duty was breached, the breach resulted in the [Mrs. Hlad's] injury, and [Plaintiffs] suffered an actual loss or damages." *Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009). "In a slip-and-fall case, a plaintiff may make out a cause of action by showing an act or omission of an owner or occupier that was the proximate cause of the

plaintiff's injury, so long as that injury could not have been avoided by the plaintiff through the exercise of ordinary care." 65 C.J.S. Negligence § 237.  The standard of care owed by this owner or occupier depends on whether the person on the premises is a trespasser, licensee, or business invitee. *See McDowell v. Moran Foods, LLC*, 680 F. App'x 72, 72 (3d Cir. 2017). Business invitees are owed the highest standard of care. *See Falcone*, 2017 WL 220326, at *2 (citing *Traux v. Roulhac*, 126 A.3d 991, 997 (Pa. Super Ct. 2015)). A business invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Falcone v. Speedway LLC*, No. 14-2188, 2017 WL 220326, at *2 (E.D. Pa. Jan. 19, 2017) (quoting *Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 253 (Pa. Super Ct. 2014)).  A possessor of land must protect a business invitee not only from known dangers, but also from "dangers that might be discoverable with reasonable care." *Traux*, 126 A.3d at 997.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, if but only if, he:
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk to such invitees, and
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> > (c) fails to exercise reasonable care to protect them against the danger.

*Neve v. Insalaco's*, 771 A.2d 786, 790 (Pa. Super. 2001) (quoting Restatement (Second) of Torts § 343 (1965)).

Here, the complaint provides that at all relevant times, "Airbnb employed, hired, and supervised employees, servants, agents and/or contractors responsible for advertising and/or inspecting the premise, repairing, cleaning, and keeping them in a safe and reasonable

conditions." (Doc. 15, ¶ 4). Additionally, that Defendants, including Airbnb,[6] had exclusive control over the premises and therefore had a duty to inspect and maintain the property to ensure it remained reasonably free of hazards, have their employees and agents maintain the walking surfaces, and have policies and procedures in place that ensured a safe environment for its residents and visitors. (Doc. 15, ¶¶ 11, 19).

Plaintiffs allege that on December 25, 2022, while at the premise, Mrs. Hlad slipped on snow and/or ice and fell to the uneven ground. (Doc. 15, ¶ 9). This fall resulted in "severe and permanent injuries." (Doc. 15, ¶ 9). Plaintiffs further allege that Mrs. Hlad's injuries are attributable to Airbnb because all Defendants, including Airbnb, breached their duty to inspect the premises, warn of dangerous conditions, employ competent employees to maintain the premises, locate hazards, enforce safety policies and guidelines, and monitor conditions at their property. (Doc. 15, ¶¶ 9, 21(a-g)). According to Plaintiffs, "the defective condition was known or should have been known to defendants for a substantial period prior to Mrs. Hlad's fall." (Doc. 15, ¶¶ 10, 11). Because these allegations must be regarded as true for the purposes of the instant motion, Plaintiffs have sufficiently alleged Airbnb breached their duty to Plaintiffs as an entity with control over the premise, thus causing Mrs. Hlad's injuries and ensuing losses and damages. (Doc. 15, ¶¶ 10-12, 14-15). Accordingly, Plaintiffs have adequately alleged a negligence claim against Airbnb.

### 2. Plaintiffs' Loss of Consortium Claim

---

[6] Whereas Plaintiffs' allegations largely group all Defendants together, in this case, for the purpose of a motion to dismiss, Plaintiffs have met the very liberal pleading standard set by Rule 12(b)(6) and Rule 8(a)(2) because "[i]t is possible to determine from the [] Complaint the alleged misconduct of each defendant." *In re Riddell Concussion Reduction Litig.*, 77 F. Supp. 3d 422, 431 (D.N.J. 2015). Accordingly, Plaintiffs' allegations provide Airbnb with "fair notice of what the. . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2).

"Loss of consortium has been recognized [Pennsylvania] as a right evolving out of the marriage relationship and is grounded on the loss of a spouse's service after injury." *Sprague v. Kaplan*, 572 A.2d 789, 790 (Pa. Super. 1990); *see Burns v. Pepsi–Cola Metropolitan Bottling*, 510 A.2d 810 (1986). A claim for loss of consortium is a derivative claim, meaning it is based upon the outcome of other claims in the suit. *Suniaga v. Downingtown Area Sch. Dist.*, 504 F. Supp. 3d 430, 455 (E.D. Pa. 2020). Here, Mr. Hlad's loss of consortium claim is dependent on the viability of his wife's claim for negligence. *Patchcoski v. W.L. Gore & Assocs., Inc.,* No. CV 3:19-1556, 2020 WL 4335016, at *13 (M.D. Pa. July 28, 2020). As the Court finds that Mrs. Hlad's negligence claim shall proceed, Mr. Hlad's derivative claim for loss of consortium also survives Airbnb's motion to dismiss. *Patchcoski*, 2020 WL 4335016, at *13.

## III.   CONCLUSION

Based on the foregoing, Airbnb's motion to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(6) is **DENIED**. (Doc. 9). An appropriate Order follows.


Dated: March 20, 2024                          *s/ Karoline Mehalchick*
                                                           **KAROLINE MEHALCHICK**
                                                           **United States District Court Judge**