**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TERESA HLAD and STEVEN HLAD,<br><br>Plaintiffs,<br><br>v.<br><br>YOEL HIRSCH, SARAH HIRSCH, AIRBNB, INC., JOHN DOE 1-10 and ABC CO. 1-10, XYZ CORPORATIONS 1-10,<br><br>Defendants. | CIVIL ACTION NO. 3:23-CV-00785<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiffs Teresa Hlad and Steven Hlad initiated this action by filing a complaint against Defendants Sarah Hirsch, Yoel Hirsch, and Airbnb, Inc. ("Airbnb") (together "Defendants") on April 13, 2023. (Doc. 35-3). Before the Court is a motion for summary judgment filed by Sarah and Yoel Hirsch and a motion for summary judgment filed by Airbnb. (Doc. 35; Doc. 39). For the following reasons, Defendants' motions for summary judgment will be **GRANTED.**

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from Defendants' statements of material facts and exhibits.[1] Teresa and Steven Hlad were visiting Lackawaxen, PA to spend Christmas with

[1] Teresa and Steven Hlad have not filed a response to Defendants' statements of material facts, as required by Local Rule 56.1. Accordingly, "[a]ll material facts set forth in the statement[s] required to be served by the moving part[ies] will be deemed to be admitted." M.D. Pa. L.R. 56.1; *see* Fed. R. Civ. P. 56(e)(2); *United States v. Alberto*, No. 3:18-CV-1014, 2020 WL 730316, at *2 (M.D. Pa. Feb. 13, 2020) (concluding that the "[f]ailure to file this

their family and friends from December 22, 2022 to December 28, 2022. (Doc. 37, ¶ 2). Nicole Gignac, a friend of the Hlads' daughter, rented the subject property (the "Property") on Airbnb's platform. (Doc. 37, ¶ 3). Sarah and Yoel Hirsch own the Property and listed it for rent on Airbnb. (Doc. 37, ¶ 4). Airbnb did not operate, own, control, offer, manage, inspect or even have the right to access the Property. (Doc. 41, ¶ 7-8).

On the morning of December 25, 2022, Teresa Hlad and her son decided to go for a walk and take pictures. (Doc. 37, ¶ 5). Teresa Hlad exited out the back door of the house on the Property and saw a bridge in the woods in the distance. (Doc. 37, ¶ 7). Assuming a trail was near the bridge, she started walking towards the bridge. (Doc. 37, ¶ 7). However, as Teresa Hlad entered the woods, she knew she was not walking on a trail and appreciated that the ground was "uneven" and had "leaves, snow, logs, and. . . was hilly." (Doc. 37, ¶ 8, 9). Before walking over the bridge, Teresa Hlad noticed that there was no trail and that the ground was uneven, choppy, and leafy. (Doc. 37 ¶¶ 10-11). Teresa Hlad testified that she walked carefully in the woods because "it was pretty lumpy out there," but the lighting was sufficient, and nothing was obstructing her ability to see where she was walking. (Doc. 37. ¶¶ 12-14).

Teresa Hlad testified that she crossed the bridge and decided to turn around when she realized there was no trail over the bridge. (Doc. 35-4, at 17). When she turned around, she was on a "little bit of a hill" and her left foot "kind of went into the ground" causing her to fall. (Doc. 35-4, at 9). Teresa Hlad testified that the hill was "dingy" and the "dirt was all uneven," which caused her to fall. (Doc. 35-4, at 18). The fall happened between 11:15 and

---

[responsive statement of material facts] results in admission of the moving party's statement of facts").

11:30 a.m., and the weather was clear and sunny. (Doc. 37, at ¶ 6). Teresa Hlad was unable to provide the location of her fall, stating that if she marked the location, it would be a guess. (Doc. 35-4, at 20).

Teresa Hlad's daughter, testified that there was a trail opening near the rear of the house on the Property with signs indicating where the trail was. (Doc. 37, ¶ 16). Teresa Hlad never asked her daughter where the trails were on the Property, and she failed to follow the signs which clearly indicated where the trail was. (Doc. 37, ¶ 17). Teresa Hlad never contacted her Airbnb host to ask where the trail was located. (Doc. 37, ¶ 18).

Airbnb is an online marketplace that provides an opportunity for individuals who wish to offer accommodations to connect with individuals seeking to book accommodations. (Doc. 41, ¶ 2). Airbnb is not a party to or a participant in the agreements for booking entered between hosts and guests. (Doc. 41, ¶ 4). Hosts are solely responsible for listing their accommodations and determining on what material terms they will offer for their accommodations. (Doc. 41, ¶ 5). Airbnb had no notice of any prior incidents involving a fall at the subject property. (Doc. 41, ¶ 11). Regardless, Airbnb does not "guarantee. . . the existence, quality, safety, sustainability, or legality of any Listings or Host Services." (Doc. 41, ¶ 10).

Teresa and Steven Hlad initiated this lawsuit by filing a complaint in the Pike County Court of Common Pleas on April 13, 2023. Therein Teresa Hlad alleged Count I – Negligence against Defendants, and Steven Hlad alleged Count II – Loss of Consortium against Defendants. (Doc. 35-5, at 7-9). On May 11, 2023, Sarah and Yoel Hirsch removed the matter to this Court. (Doc. 1). On April 1, 2025, Sarah and Yoel Hirsch filed a motion for summary judgment, brief in support, and statement of facts. (Doc. 35; Doc. 36; Doc. 37). On April 2, 2025, Airbnb filed a motion for summary judgment, brief in support, and statement of the

facts. (Doc. 39; Doc. 40; Doc. 41). On May 19, 2025, Teresa and Steven Hlad filed their brief in opposition. (Doc. 43). On June 2, 2025, Defendants filed their respective reply briefs. (Doc 45; Doc. 46). Accordingly, the motions for summary judgment are ripe for disposition.

## II. LEGAL STANDARDS

### A. MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." M.D. Pa. L.R. 56.1.

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

## III. Discussion

### A. Summary Judgment is Warranted on Teresa Hlad's Negligence Claim Against Sarah and Yoel Hirsch.

Sarah and Yoel Hirsch contend that they owed no duty to Teresa Hlad, who voluntarily assumed the risk of her actions, arguing that Teresa Hlad should have noticed the risks of walking off-trail in snow, which were open and obvious with an exercise of normal perception, intelligence, and judgment. (Doc. 36, 11-12). Additionally, Sarah and Yoel Hirsch submit that because Teresa Hlad provided no evidence of the location of the fall, Plaintiffs cannot meet their burden of showing a viable claim for negligence. (Doc. 36, at 12-13). Teresa Hlad counters that Sarah and Yoel Hirsch's motion specifically points to genuine issues of fact in this case to be decided by a jury. (Doc. 43, ¶ 16).

To survive summary judgment on a negligence claim under Pennsylvania law, a plaintiff must demonstrate genuine dispute of material fact regarding "(1) the existence of a duty or obligation recognized by law; (2) a breach of the duty; (3) causal connection between the breach of duty and the resulting injury; and (4) actual loss or damage." *Pace v. Wal-Mart Stores East, LP*, 337 F. Supp. 3d 513, 519 (E.D. Pa. 2018). The parties dispute whether Sarah and Yoel Hirsch owed a duty to Teresa Hlad. (Doc. 36, at 11; Doc. 43, at 6). The standard of care owed by an owner or occupier depends on whether the person on the premises is a trespasser, licensee, or business invitee. *See McDowell v. Moran Foods*, LLC, 680 F. App'x 72, 72 (3d Cir. 2017). Business invitees are owed the highest standard of care. *Falcone v, Speedway LLC*, No. 14-2188, 2017 WL 220326, at *2 (E.D. Pa. Jan 19, 2017) (citing *Traux v. Roulhac*, 126 A.3d 991, 997 (Pa. Super Ct. 2015)); *Pusateri v. Wal-Mart Stores East, L.P.*, 646 F. Supp. 3d 650, 653 (W.D. Pa. 2022) (citing *Campisi v. Acme Markets, Inc.*, 915 A.2d 117, 119 (Pa.

Super Ct. 2006). A business invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Falcone*, 2017 WL 220326, at *2 (quoting *Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 253 (Pa. Super Ct. 2014)). An Airbnb guest is considered a business invitee. *See Parsons v. Drake*, 32 A.2d 27 (1943) (citing Restatement Second, Torts § 332) (finding guests of inns, hotels, motels, and similar establishments are business invitees); *see Montaperto v. Split Rock Resort*, 765 F. Supp. 852, 853-54 (M.D. Pa. 1991) (identifying a guest at a resort as a business invitee). A possessor of land must protect a business invitee not only from known dangers, but also from "dangers that might be discoverable with reasonable care." *Traux*, 126 A.3d at 997. A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land only if he:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.
>
> *Neve v. Insalaco's*, 771 A.2d 786, 790 (Pa. Super. 2001) (quoting Restatement (Second) of Torts § 343).

Furthermore, a possessor of land will not owe a duty to a business invitee if the business invitee assumed the risk of their actions. *Kaplan v. Exxon Corp.*, 126 F.3d 221, 224-25 (3d Cir. 1997); *Dalton v. Little Lion*, No. 19-5358, 2021 WL 1293424, at *4 (E.D. Pa. April 7, 2021); *Carrender v. Fitterer*, 469 A.2d 120, 188 (Pa. 1983) ("to say that the invitee assumed the risk of injury from a known and avoidable danger is simply another way of expressing the lack of any duty on the part of the possessor to protect the invitee against such dangers"). A defendant is relieved of their duty of care when the plaintiff has voluntarily and deliberately

proceeded to take a known and obvious risk. *Barret v. Fredavid Builders*, Inc., 685 A.2d 129, 131 (Pa. Super. Ct. 1996); Restatement (Second) of Torts § 343. A danger is obvious when both the condition and the risk are apparent and would be recognized by a reasonable person, exercising normal perception intelligence and judgment. *DeMolick v. United States*, 593 F. Supp. 3d 165, 171 (M.D. Pa. 2022) (citing *Carrender*, 469 A.2d at 123).

Assumption of the risk is analyzed in the context of determining whether a defendant owed a plaintiff a duty. *Kaplan*, 126 F.3d at 224–25. As such, assumption of the risk is a question for the jury "unless reasonable minds could not disagree." *Kaplan*, 126 F.3d, at 225. To grant summary judgment on assumption of the risk, the Court must find—conclusively and beyond question—that: "(1) [the plaintiff] consciously appreciated the risks attending her action; (2) she assumed the risk of injury by engaging in the action despite appreciating its risks; and (3) the injury she sustained was the same as that which she appreciated and assumed." *Dalton*, 2021 WL 1293424, at *4; *see Bullman v. Giuntoli*, 761 A.2d 566, 573 (Pa. Super. Ct. 2000); *see also Murphy v. Excel Site Rentals LLC*, No. 4:17-CV-02353, 2019 WL 3387661, at *6 (M.D. Pa. July 26, 2019). Summary judgment is appropriate "[o]nly where the evidence reveals a scenario so clear as to void all questions of material fact concerning the plaintiff's own conduct. . ." *Montagazzi v. Crisci*, 994 A.2d 626, 636 (Pa. Super. Ct. 2010).

For the first element, the evidence must "conclusively [establish] that the plaintiff was subjectively aware of the risk." *Roessing v. United States*, No. 3:19-cv-161, 2021 WL 1663590, at *6 (W.D. Pa. April 28, 2021) (citing *Barret*, 685 A.2d at 131); *Barillari v. Ski Shawnee*, Inc., 986 F. Supp. 2d 555, 563 (M.D. Pa. 2013) (citing *Handschuh v. Albert Dev.*, 574 A.2d 693, 695 (Pa. Super. Ct. 1990)). "The plaintiff must be aware of the 'particular danger' from which she is subsequently injured in order to voluntarily assume that risk as a matter of law." *Roessing*,

2021 WL 1663590, at *6 (citing *Barillari v. Ski Shawnee, Inc.*, 986 F. Supp. 2d 555, 563 (M.D. Pa. 2013)). For the second element, the plaintiff must voluntarily assume the risk. *Kaplan*, 126 F.3d at 226 (citing *Howel v. Clyde*, 620 A.2d 1107, 1112 (Pa. 1993)). There is no assumption of risk when a plaintiff has no reasonable alternative to encountering the risk. *Kaplan*, 126 F.3d at 226-27 (citing Prosser and Keeton on Torts § 68 at 490-91); *see also Roessing*, 2021 WL 16635900, at *7 (citing *Howell*, 620 A.2d at 1112).

Here, there is no dispute of fact that Teresa Hlad consciously and subjectively appreciated the risks of walking off-trail in the snowy woods. Teresa Hlad knew that she was not walking on a trail when she entered the woods. (Doc. 37, ¶ 8; Doc. 43-1, at 17). She was aware that the ground was "uneven" and had "leaves, snow, logs, and was hilly. . ." (Doc. 37, ¶ 9, Doc. 43-1, at 17). Teresa Hlad testified that she was walking carefully because "it was pretty lumpy out there" (Doc. 37, ¶ 12; Doc. 43-1, at 27) and that when she was walking, the lighting was sufficient to see where she was going and nothing was obstructing her view. (Doc. 37, ¶¶ 13-14; Doc. 43-1, at 14). Accordingly, reasonable minds could not disagree that Teresa Hlad consciously appreciated the risks attending her action. *See Roessing*, 2021 WL 1663590, at *6 (finding plaintiff consciously appreciated the risk of slipping and falling when she saw the snow heap prior to stepping on it and affirmatively considered where to cross before stepping on it); *see also Kaplan*, 126 F.3d at 226 (finding a snow mound was a known and obvious risk).

It is also undisputed that Teresa Hlad voluntarily walked off-trail in the snowy woods despite appreciating the risks. Teresa Hlad's daughter testified that there were signs marking the trails on the premises. (Doc. 37, ¶ 16). Despite the availability of marked trails, Teresa Hlad voluntarily chose to walk on a path that did not contain a walking trail. As such,

reasonable minds could not disagree that Teresa Hlad's assumption of risk was voluntary. *See Kaplan*, 126 F.3d 221, 226 (finding a plaintiff assumes a risk voluntarily she elects to encounter the risk despite the existence of safe alternatives); *see also Roessing*, 2021 WL 1663590, at *7 ("the question under this factor is whether there was a safe alternative to encountering the risk, not whether the plaintiff was subjectively aware of a safe alternative").

Finally, it is undisputed that Teresa Hlad's injury was the result of her assuming the risk of walking off-trail in the snowy woods.[2] Teresa Hlad testified that while on her walk she turned around, her left foot went into the ground causing her to fall and injure her ankle. (Doc. 35-4, at 9). The risk of walking off-trail in the snowy woods is the possibility of slipping and falling. *See Roessing*, 2021 WL 1663590, at *8. As there are no disputes of fact regarding Teresa Hlad's assumption of risk, Sarah and Yoel Hirsch's motion for summary judgment on Teresa Hlad's claim of negligence is **GRANTED**. (Doc. 35).

B. SUMMARY JUDGMENT IS WARRANTED ON TERESA HLAD'S NEGLIGENCE CLAIM AGAINST AIRBNB.

Airbnb contends it is entitled to summary judgment on Teresa Hlad's negligence claim against it because there is no evidence that Airbnb owed Teresa Hlad any duty of care regarding the condition of the property. (Doc. 40, at 5). Airbnb asserts that it does not own,

---

[2] Sarah and Yoel Hirsch assert that because Teresa Hlad was unable to identify exactly where the slip and fall occurred, she cannot meet her burden of showing negligence. (Doc. 36, at 13). Teresa Hlad counters that she identified the location of her fall to the best of her ability, providing a photograph marking where she fell. (Doc. 43, at 8; Doc. 43-3). The exact location of Teresa Hlad's fall is not a material fact because, as explained fully in *supra* Section III.A, it is undisputed that Teresa Hlad consciously and subjectively appreciated the risks of walking on uneven, hilly ground covered in logs, leaves, and snow. *See Kaplan*, 126 F.3d at 227 n.5 (considering exact location of fall in proximate cause analysis of negligence claim; omitting consideration of exact location of fall in assumption of the risk analysis); *see also Dalton*, 2021 WL 1293424, at *2-*3, *5 (finding parties' disagreement on the exact location of the fall was immaterial to the assumption of the risk analysis).

possess, or control the Property, nor did it have notice of the allegedly dangerous condition on the property (Doc. 40, at 6-7). Teresa Hlad counters that the jury must determine what duty, if any, Airbnb owes to prospective renters to insure the properties they rent are suitable for their purpose and pose no unreasonable hazards. (Doc. 43, at 4).

Under Pennsylvania law, "the duty to protect against known dangerous conditions falls upon the possessor of the land." *Estate of Zimmerman v. SEPTA*, 168 F.3d 680, 684-85 (3d Cir. 1999). One is a possessor of land if they occupy the land with the intent to control it. *Estate of Zimmerman*, 168 F.3d at 684 (citing Restatement (Second) of Torts § 328). Liability is primarily based on possession and control, rather than ownership of land. *Brown v. End Zone, Inc.*, 259 A.3d 473, 491 (Pa. Super. Ct. 2021). A possessor of land is only liable if they know or should have known of a dangerous condition on the premises. *Gutteridge v. A.P. Green Services*, Inc., 804 A.2d 643, 656 (Pa. Super. Ct. 2002). Other jurisdictions find that Airbnb's enforcement of certain policies and guidelines for property owners on its marketplace does not amount to possession or control over their hosts' properties. *Matthew-Ajayi Airbnb, Inc.*, No. ADC-23-3035, 2025 WL 487572, at *3 (D. Md. Feb. 13, 2025) (finding Airbnb had no liability for slip in fall that occurred in host's property because Airbnb did not have possession or control over the property); *Carroll v. Am. Empire Surplus Lines Ins. Co.*, 289 F. Supp. 3d 767, 775 (E.D. La. 2017) (finding Airbnb does not have custody or control over host's property because they do not have the right to alienate the property, authorize repairs, or access the property at will; comparing Airbnb's general duty to that of a travel agency); *see Hofer v. Gap, Inc.*, 516 F. Supp. 2d 161, 176-78 (D. Mass. 2007) (finding online travel agents are generally not liable for the negligence or dangerous conditions of third-party hotel or travel operators).

Here, Airbnb provides an affidavit from its legal investigations associate stating that "Airbnb does not own, control, or possess any of the accommodations listed on its marketplace, and does not have the right to access the property where [Teresa] Hlad allegedly sustained injuries." (Doc. 39-3, at 3; Doc. 41, ¶ 7). Airbnb also provides their terms and conditions, which state that Airbnb "do[es] not and cannot control the conduct of Guests and Hosts." (Doc. 39-4, at 15). Teresa Hlad failed to respond to Airbnb's statement of the facts or to provide any evidence controverting Airbnb's evidence that they do not own, control, or possess the subject property. *See* M.D. Pa. L.R. 56.1 ("[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted."). Teresa Hlad merely provides unsupported, conclusory statements arguing that Airbnb does have control over the subject property and notice of the hazardous conditions that caused Teresa Hlad's injuries. (Doc. 43, at 8). *See Nat'l Labor Rel. Bd.*, 301 F.3d at 95. ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment."). Nevertheless, the court need not address whether Airbnb had possession or control over the subject property creating a duty of care because even if Airbnb did owe Teresa Hlad a duty of care, as explained fully in *supra* Section III.A, it is undisputed that Teresa Hlad assumed the risk of her actions, negating the duty of care owed by the possessors of the subject property. Accordingly, Airbnb's motion for summary judgment on Teresa Hlad's claim of negligence is **GRANTED**.[3] (Doc. 35).

[3] Steven Hlad's loss of consortium claim is a derivate claim, based upon the outcome of Teresa Hlad's negligence claim. *Sprague v. Kaplan*, 572 A.2d 789, 790 (Pa. Super. 1990) ("Loss of consortium has been recognized [Pennsylvania] as a right evolving out of the marriage

## IV. CONCLUSION

Based on the forgoing, Defendants' motions for summary judgment are **GRANTED**. (Doc. 35; Doc. 39). Teresa and Steven Hlad's claims of negligence and loss of consortium are **DISMISSED**. The Clerk of Court is directed to **CLOSE** this case. An appropriate Order follows.

**Dated: December 31, 2025**

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**

relationship and is grounded on the loss of a spouse's service after injury."); *Suniaga v. Downingtown Area Sch. Dist.*, 504 F. Supp. 3d 430, 455 (E.D. Pa. 2020) (finding a claim for loss of consortium is a derivative claim, meaning it is based upon the outcome of other claims in the suit). As Defendants' motions for summary judgment on Teresa Hlad's negligence claims are **GRANTED**, Defendants' motions for summary judgment on Steven Hlad's derivate loss of consortium claim are likewise **GRANTED**. (Doc. 35; Doc. 39).